**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**ANTHONY EUGENE BROOKS,**

    **Petitioner and Defendant,**

**v.**                                           **Civil Case No.:**    **4:07cv10**
                                                    **Criminal Case No.:**  **4:05cr6**

**UNITED STATES of AMERICA,**

    **Respondent.**

## OPINION and ORDER

This matter is before the Court on Defendant Anthony Eugene Brooks' ("Defendant" or "Brooks") Motion pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons that follow, Defendant's motion is **DENIED**.

### I. PROCEDURAL HISTORY[1]

On March 25, 2005, Defendant was convicted by a jury of Count One of a Two-Count Indictment, which charged Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docs. 1 (Indictment filed January 14, 2005), 22 (Jury Verdict filed March 25, 2005). The Court dismissed Count Two during the trial. See Docket No. 4:05cr6.

On August 16, 2005, Defendant was sentenced to a term of eighty-seven (87) months' imprisonment, to be followed by a three (3) year period of supervised release. Doc. 33 (Judgment in a Criminal Case filed August 30, 2005). Defendant appealed his conviction and sentence, which were affirmed by the United States Court of Appeals for the Fourth Circuit

---

[1] This section does not necessarily include the entire procedural history, but only states those events which regard the issues before the Court.

("Fourth Circuit").  Docs. 44 (Opinion filed July 14, 2006), 45 (Judgment filed August 7, 2006); United States v. Brooks, 189 Fed. Appx. 284 (2006) (per curiam) (unpublished).  Subsequently, the Supreme Court of the United States denied Defendant's petition for writ of certiorari.  Brooks v. United States, 127 S. Ct. 603 (2006).

The Court has received numerous letters from Defendant in relation to his case.  On September 18, 2006, the Court advised Defendant of its intention "to construe [Defendant's] July 28 and July 31 letters as a single motion under 28 U.S.C. § 2255."  Doc. 46 (Notice and Order entered September 18, 2006).  Defendant responded to the Court's Order of September 18, 2006, and requested the Court to stay his motions to allow him to later file a § 2255 motion.  Doc. 47 (Motion filed October 11, 2006).  The Court ruled the July 2006 letters were considered withdrawn in light of Defendant's subsequent filings.  Doc. 50 (Order entered November 17, 2006).

On November 6, 2006, Defendant filed a motion pursuant to FED. R. CIV. PROC. 60(b)(3) ("Rule 60(b)(3)") and accompanying affidavit.  Docs. 48 (Motion), 49 (Affidavit).  Defendant then filed a motion modifying the caption of his November 6, 2006 filing.  Doc. 52 (Motion filed December 29, 2006).  On January 8, 2007, the Court notified Defendant of its intention to construe Defendant's Rule 60(b)(3) motion as a motion under 28 U.S.C. § 2255, and advised Defendant "that if he does not respond within thirty (30) days . . . the Court will recharacterize his Rule 60(b) Motion as a § 2255 motion."  Doc. 53 (Notice filed January 8, 2007).

On January 30, 2007, Defendant filed a motion pursuant to § 2255.  Doc. 54.  The United States filed its response to Defendant's § 2255 motion on April 10, 2007.  Doc. 56.  On May 2, 2007, Defendant responded to the memorandum of the Government with several filings.  Docs.

57 (Statement of Position and Circumstances), 58 (Response to Government's Opposition), 59 (Addendum and Additional Points of Authorities).[2]

## II. LEGAL PRINCIPLES

### A. Procedural Requirements

A collateral challenge to a conviction or sentence, such as a motion pursuant to § 2255, "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982) (citations omitted). Accordingly, for a claim to be viable through a § 2255 petition, it must be raised on direct appeal; however, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Frady, 456 U.S. at 162, 165; United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). Similarly, where a contention was not contemporaneously objected to or raised before the trial court, the claim is properly denied as a collateral challenge. Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). The contemporaneous objection rule is founded by "society's justified interests in the finality of criminal judgments." Frady, 456 U.S. at 175.

However, there are several narrow exceptions to the contemporaneous objection rule. First, the claimant may show "cause" excusing his procedural default, and "actual prejudice" resulting from the complained of action. Frady, 456 U.S. at 167 (citing Wainwright, 433 U.S. at 90-91); Mikalajunas, 186 F.3d at 493 ("The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective

---

[2] The Court has considered Defendant's response filings to the extent they expound on his initial claims for relief. So far as Defendant adds new claims for relief, Defendant's May 2, 2007 filings are **CONSTRUED** as a motion to expand his § 2255 petition, and **DENIED**.

assistance of counsel."). Second, the petitioner may show, by a greater standard of proof,[3] a constitutional violation resulted in the conviction of a person "actually innocent" of the substantive offense, or regarding sentencing in a capital trial. Dretke v. Haley, 541 U.S. 386, 393 (2004) (citations and internal quotations omitted).[4]  Regarding a claim of actual innocence of the substantive offense, the petitioner must show he "did not commit the crime of which he was convicted," i.e., he is factually innocent. Mikalajunas, 186 F.3d at 494.  Third, the Defendant may prove ineffective assistance of counsel "either as a ground for cause [under exception one] or as a free-standing claim for relief." Dretke, 541 U.S. at 394; United States v. Defusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Presently, Defendant claimed several errors on appeal. Brooks, 189 Fed. Appx. at 285-87.  First, Defendant claimed the Court committed error by denying his motion for a judgment of acquittal regarding count one of the indictment. Brooks, 189 Fed. Appx. at 285.  The Fourth Circuit affirmed this decision, "conclud[ing] substantial evidence supports Brooks' conviction." Brooks, 189 Fed. Appx. at 285.  Second, Brooks asserted the Court abused its discretion in failing to grant a new trial after admitting certain evidence which was more probative to count one of the indictment than to the remaining count, and the Fourth Circuit again upheld the Court's ruling. Brooks, 189 Fed. Appx. at 286.  Lastly, Defendant claimed his sentence was unreasonable, and the Fourth Circuit affirmed the sentence and conviction. Brooks, 189 Fed. Appx. at 286-87.

---

[3] "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493.

[4] The Fourth Circuit has further held that the actual innocence exception "applies in noncapital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision," and not regarding other sentencing mistakes. Mikalajunas, 186 F.3d at 495.

B.  Standard of Review

In a § 2255 claim, the petitioner bears the burden of proof, and must establish his claim(s) by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) (citations omitted).  The Court may refuse to grant a hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255 ¶ 2; United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (citations omitted).

Under § 2255, the defendant may claim one or more of the following grounds for relief:

1. A violation of the Constitution or laws of the United States;
2. The Court was without jurisdiction to impose such sentence; or
3. The sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255 ¶ 1.  Regarding an alleged non-constitutional error of law, the claimed error must constitute "a fundamental defect which inherently results in a complete miscarriage of justice" to be cognizable in a § 2255 petition.  United States v. Addonizio, 442 U.S. 178, 185 (1979) (citation omitted).  Additionally, the clause that provides, "the sentence . . . is otherwise subject to collateral attack," allows for "claimed errors of fact."  Addonizio, 442 U.S. at 185-86.  However, a claimed error of fact must be "of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid."  Addonizio, 442 U.S. at 186 (citation omitted).  Moreover, the Fourth Circuit has cautioned against reviewing the sufficiency of the evidence upon a § 2255 motion, stating, "[p]risoners adjudged guilty of crime should understand that 28 U.S.C. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty."  Taylor v. United States, 177 F.2d 194, 194 (4th Cir. 1949) (per curiam); Miller, 261 F.2d at 547 ("[T]he point raised goes to the sufficiency of the evidence which can not be challenged under Section 2255.") (citation omitted).

Lastly, as Defendant is proceeding pro se in this matter, his filings are entitled to a more liberal standard of review.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 99 (1978).

### III.  ANALYSIS

#### A.  Perjury

Defendant claims that justice has been obstructed because Detective Kevin C. Hartian ("Hartian") committed perjury by testifying in his trial.  Doc. 54 at 5.

Regarding a claim of perjury in a § 2255 petition, a "conclusory charge" is not sufficient to sustain the allegation.  Skeens v. U.S., 519 F.2d 1400, 1400 (4th Cir. 1975) (per curiam) (regarding the more expansive claim of subordination of perjury).  Accordingly, where a review of Defendant's § 2255 petition and the trial record fails to support the allegation, the claim is properly denied.  Skeens, 519 F.2d at 1400.  Moreover, where the asserted impediments to the witness's credibility were "available for the jury to weigh and consider" no ground for relief is established.  Skeens, 519 F.2d at 1400.  "The credibility of witnesses is a matter solely within the province of the jury and is not reviewable" in a § 2255 proceeding.  Skeens, 519 F.2d at 1400; United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation and internal quotations omitted) (A jury "weighs the credibility of the evidence and resolves any conflicts in the evidence presented.").

As indicated above in Section II(A) of this Opinion and Order, if a defendant fails to raise his instant argument on appeal and/or before the trial court, the Court may not consider the claim at a § 2255 proceeding unless his default is excused.  Presently, Brooks did not raise this claim on appeal, and has established neither cause nor prejudice for his failure to raise the claim on

appeal.  Brooks, 189 Fed. Appx. at 285-87; Frady, 456 U.S. at 167 (citing Wainwright, 433 U.S. at 90-91).  Second, Brooks has not shown his actual and factual innocence, to except him from failing to raise the issue on appeal.  Dretke, 541 U.S. at 393.  Third, Defendant has not claimed ineffective assistance of counsel, nor can he, as his attorney pressed this argument as to Hartian's testimony during the case.  Doc. 37 at 150-59 (Transcript of Trial Proceedings on March 25, 2005); Dretke, 541 U.S. at 394.  Accordingly, Defendant has procedurally defaulted regarding his claim that Hartian committed perjury, and may not now assert this argument.

Additionally, even if Defendant's claim was properly before the Court, it is without merit.  Defendant makes several contentions as to the veracity of Hartian's testimony.  Defendant notes a discrepancy as to the location of a bedroom as a basis for his determination that Hartian committed perjury.  Doc. 54 at 5.  Second, Defendant argues Hartian testified falsely in stating he did not search 1137 30th Street in Newport News, Virginia, on October 19, 2004.  Doc. 54 at 6.  The Court notes these claimed distinctions go to the weight of Hartian's testimony, which was properly determined by a jury.

Also, Hartian's testimony is corroborated by numerous exhibits, and the testimony of various other witnesses.  Doc. 36 (Transcript of Trial Proceedings on March 24, 2005); See United States v. Rodriquez, 38 Fed. Appx. 914, 916 (4th Cir. 2002) (per curiam) (unpublished) (stating in regards to a claim of perjury of a Government's witness, defendant's "conviction was based on the testimony of several witnesses, not just the testimony of the DEA agent."). Particularly, Hartian's observations during the execution of the search warrant are confirmed by photographic exhibits.  Exs. 5-A[5] (Milk crate showing items located), 5-B (ammunition and watches), 5-E (ammunition in cabinet), 5-F (trash can with tobacco), 5-C (box of ammunition);

---

[5] Exhibits are referred to by number, and subletter if applicable, for the Government's exhibits, and under the same convention while adding the notation, "Defendant's," for the exhibits introduced by the Defendant.

See Doc. 36 at 39, 42, 43, 45, 46.  Property vouchers also confirmed Hartian's testimony regarding what was recovered from the room.  Exs. 7 (property sheet regarding marijuana), 8 (property sheet regarding ammunition and videotape of the search); See Doc. 36 at 51-52.  Additionally, Defendant does not deny several admissions sufficient to support the fact that he possessed the ammunition,[6] including:

1. His admissions that the room where the ammunition was found was his room;
2. His acknowledgement of the box of bullets and tacit admission of possessing them;
3. His statement that he possessed a round of ammunition in order to remind him of another person; and
4. His admission that he possessed the box of ammunition for his roommate who owned it.

Doc. 36 at 36, 48, 67-70, 72.  Thus, Defendant's guilt is conclusively shown from his statements, which he does not contest.  Moreover, Defendant presented a witness, documentary evidence, and argument on the point of whether Defendant's room was in fact the one that was searched and found to contain the ammunition.  Doc. 36 at 107-20; Defendant's Exs. 1-3; Doc. 37 at 150-59.  Therefore, Defendant's argument as to these points was considered at trial by the jury, and is not properly raised in his petition.  Skeens, 519 F.2d at 1400.  To the extent Defendant claims an error of fact, the Court finds this claimed error would not have rendered the proceedings irregular or invalid.  Addonizio, 442 U.S. at 186 (citation omitted).

Accordingly, Defendant's claim is procedurally defaulted, and has no factual or legal merit.

### B. Brady Material

Defendant asserts one or more members of the Newport News Police Department tampered with evidence, a videotape, in his case.  Doc. 54 at 8.  Defendant also states that this

---

[6] The question of whether Defendant possessed the ammunition was the only issue in the case, as Defendant stipulated to the other elements of the offense. Docs. 17 (Stipulation regarding Defendant's status as a convicted felon filed March 24, 2005), 18 (Stipulation regarding the commission of the events in the Eastern District of Virginia filed March 24, 2005), 19 (Stipulation regarding ammunition and interstate commerce filed March 24, 2005).

footage "has now mysteriously vanished." Doc. 54 at 8. The Court initially notes that while the videotape was mentioned at the trial, as a preventative technique implemented by the City of Newport News to guard against false claims of police misconduct, it was never introduced at trial. Docs. 36 at 3, 51-52. Rather, an evidence voucher showing the filing of the videotape in property and evidence was introduced. Ex. 8. In response to Defendant's claim, the Government leniently construed his argument as an allegation of a violation of the requirements of Brady v. Maryland, 373 U.S. 83, 87 (1963), which holds "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Doc. 56 at 7-9. In consideration of the Government's argument as to Brooks' Brady claim, the Court agrees with the Government. Defendant's claim is nothing more than an unsubstantiated assertion of government misconduct. Additionally, it is clear from the transcript of the sentencing hearing that Defendant was aware of the videotape's contents prior to his appeal. Doc. 35 at 16-18, 43-45 (Transcript of Sentencing Proceedings on August 16, 2005). However, Defendant failed to raise this argument on appeal. Brooks, 189 Fed. Appx. at 285-87. Accordingly, because Brooks has neither alleged nor established any of the grounds to exclude him from the procedural default rule outlined in Section II(A) of the Opinion and Order, his claim is not properly considered in a § 2255 petition for failure to timely object and for failure to appeal on this point. So far as Defendant's claim represents an alleged error of fact, the error would not render the proceeding irregular or invalid. Addonizio, 442 U.S. at 186 (citation omitted). Therefore, Defendant's Brady claim is procedurally improper and without factual support.

### C. Sufficiency of the Evidence

Defendant's persistent comments about the strength of the Government's case are liberally considered as an argument that the evidence was insufficient to support his conviction.[7] Initially, the Court notes the Fourth Circuit considered Defendant's argument as to the sufficiency of the evidence on appeal, and found the evidence sufficient to support his conviction. Brooks, 189 Fed. Appx. at 285 (finding "substantial evidence supports Brooks' conviction."). Accordingly, the Court is not now required to consider this argument. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Additionally, the Court notes a challenge to the sufficiency of the evidence is not properly raised in a § 2255 proceeding. Miller, 261 F.2d at 247; Taylor, 177 F.2d at 194. However, considering the facts established which Brooks does not dispute, sufficient evidence supports his conviction. Doc. 36. Therefore, Defendant's claim that his conviction was not founded by sufficient evidence is without factual support and is procedurally improper.

### D. Confidential Informant

Defendant also contends his rights were violated "when he was never allowed to cross-examine the so called [confidential informant]." Doc. 54 at unnumbered 24.[8] Defendant was aware of the confidential informant's involvement in the case as of the trial and at the sentencing hearing. Doc. 36 at 34-35; Doc. 37 at 7-12, 18-28. However, Brooks failed to raise this argument on appeal. Brooks, 189 Fed. Appx. at 285-87. Brooks has failed to show an excuse

---

[7] Defendant's ground entitled "Jurisdiction" is considered under this sufficiency of the evidence review in light of his explanation of his argument. Doc. 54 at 9. Alternatively, the Court notes that Defendant stipulated to the locus of the events in this case as the Eastern District of Virginia, and the facts presented proved jurisdiction. Docs. 18, 36. Regarding Defendant's claim under ground four concerning the marijuana involved in this case, the Court will not now consider this issue, as the Fourth Circuit has "thoroughly consider[ed] the issue" and found no error occurred. Brooks, 189 Fed. Appx. at 286; Doc. 54 at 9.

[8] Defendant's claim regarding Hartian's honestly about the confidential informant reflects on Hartian's credibility as a witness, which is fully considered in Section III(A) of this Opinion and Order. Therefore, Defendant's claim that Hartian lied about the existance of a confidential informant is without merit.

for his failure to raise this issue on appeal. Accordingly, his claim is procedurally defaulted. Moreover, the confidential informant involved in this case concerns the propriety of the police department's search of Defendant's room. Doc. 36 at 34-35. A confidential informant need not be disclosed to the defense where his or her information only regards the probable cause for a search warrant. McCray v. Illinois, 386 U.S. 300, 312-14 (1967). Therefore, Defendant's claim is also without merit as a legal proposition. Defendant's claim that his rights were violated as he was not allowed to confront the confidential informant is procedurally barred and otherwise without merit.

## IV. CONCLUSION

The Court **FINDS** Defendant's claims are all procedurally defaulted, and Defendant has failed to allege or prove an exception to his failure to properly perfect these claims. The Court **FINDS** Defendant has failed to prove by a preponderance of the evidence that he is entitled to relief under his petition. The Court **FINDS** Defendant's claimed errors of fact are not sufficient to render the proceeding irregular or invalid. The Court also concludes Defendant's arguments are without legal support.

Therefore, Defendant's Petition under § 2255 is **DENIED**. Defendant's May 2, 2007 filings have been considered in so far as they relate to his initial grounds for relief. To the extent these filings add new grounds for relief, they are **CONSTRUED** as a motion to expand his § 2255 petition and **DENIED**.

The Court has additionally received letters from Defendant on February 5, 2007, February 12, 2007, February 16, 2007, April 23, 2007 (2 letters), and August 20, 2007. The Clerk is **DIRECTED** to file, but not docket, these letters.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order.  If Petitioner wishes to proceed <u>in forma pauperis</u> on appeal, the application to proceed <u>in forma pauperis</u> is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

Defendant is **ADVISED** that the Court will not engage in any additional analysis of the allegations contained in Defendant's § 2255 Petition or related filings.  Any submissions, other than a Notice of Appeal, filed in violation of this Order will not be considered by the Court.  Defendant is further **ADVISED** that any future correspondence with the Court that is not filed with the Clerk and formatted as a motion in accordance with the rules of the Court will not be considered.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Counsel of Record for the United States, and the Defendant.

It is so **ORDERED**.

                                                /s/
                              HENRY COKE MORGAN, JR.
                   SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 5, 2007